IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| DOUGLAS LONGHINI, individually, | |
| Plaintiff, | |
| v. | 1:15-cv-22848-Scola/Otazo-Reyes |
| TCP INVESTMENT GROUP, LLC, d/b/a TOWN 7 COUNTRY PLAZA; REY'S PIZZA, and LA PERLA DEL RINCON DEL MAR INC., d/b/a LA PERLA SEAFOOD BAR & GRILL | |
| Defendants. | |

### DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW Defendant, REY'S PIZZA ("REY'S"), and respectfully moves the Court, pursuant to Fed.R.Civ.Pro. Rule 12(b)(6), to dismiss the Complaint filed by DOUGLAS LONGHINI ("Longhini") for failure to state claims upon which relief can be granted. In support of this Motion, REY'S states as follows:

1. REY'S is a pizza restaurant located in the TOWN AND COUNTRY PLAZA at 13732 S.W. 152nd St., Miami, FL 33177.

2. REY'S opened the pizza restaurant in the TOWN AND COUNTRY PLAZA on December 22, 2011.

3. REY'S complied with all construction codes and the **2010 ADA Standards for Accessible Design**.

1

4.     The plaintiff has attempted to allege that REY'S has discriminated against the plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property and building as prohibited by 42. U.S.C. § 12182, *et.seq.*

5.     The plaintiff has also attempted to allege that REY'S has discriminated and is continuing to discriminate against the plaintiff in violation of the ADA by failing to have accessible features by January 26, 1992 or January 26, 1993. The plaintiff claims to have had an inspection on the property that shows that violations exist.

6.     The plaintiff claims that there were violations with the parking, entrance access and path of travel, access to goods and services, and public restrooms.

7.     REY'S, now moves to dismiss the instant action on the basis that Plaintiff has failed to state a cause of action for which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, based on the foregoing reasons, the Court should enter an order dismissing the purported claims for discriminating against the plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property and building as prohibited by 42. U.S.C. § 12182, *et.seq.,* and granting any further relief the Court deems just and proper.

          Respectfully submitted,

          JULIO GUTIERREZ, P.A.
          2464 S.W. 137 Avenue
          Miami, Florida 33175
          Tel: (305) 325-8600
          Fax: (305) 553-9313

          JULIO GUTIERREZ
          Attorney for Rey's Pizza
          Florida Bar no.602426
          jgpa@msn.com

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that the foregoing was served upon the following, by the Court's electronic filing system, and by electronic mail, on this 17th day of August, 2015:

Daniel A. Espinosa, Esq.
Espinosa and Jomarron
4300 Biscayne Blvd., Suite 305
Miami, FL 33137
Attorneys for Plaintiffs

eservice@ejtrial.com
tallison@ejtrial.com
despinosa@ejtrial.com

## MEMORANDUM IN SUPPORT OF DEFENDANT REY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant REY'S respectfully requests that the Court grant its Motion to Dismiss the Complaint filed by Longhini ("Plaintiff"). Plaintiff has attempted, but failed to state claims against the REY'S for discrimination against the plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the property and building as prohibited by 42. U.S.C. § 12182, *et.seq.,* and by discriminating and continuing to discriminate against the plaintiff in violation of the ADA by failing to have accessible features by January 26, 1992 or January 26, 1993.

### PRELIMINARY STATEMENT

REY'S is a restaurant that is located in Miami, Florida.  REY'S opened on December 22, 2011, in the TOWN AND COUNTRY PLAZA at 13732 S.W. 152nd St., Miami, FL 33177. REY'S is a tenant of TCP INVESTMENT GROUP, LLC, d/b/a TOWN 7 COUNTRY PLAZA. REY'S has complied with all of the standards and codes that applied to disabled individuals. Unless REY'S had complied with all the standards and codes that applied to disabled individuals under the ADA, neither the state of Florida nor Miami-Dade County government would have given REY'S a certificate of occupancy nor a license to open the restaurant.

### STATUTORY AND FACTUAL BACKGROUND

The Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), was premised in part on the Congressional finding that "individuals with disabilities continually encounter various forms of discrimination, including . . . effects of architectural . . . barriers."  42 U.S.C. §

12101(a)(5). To combat this discrimination, Congress mandated that all commercial facilities and "public accommodations" designed and constructed for first occupancy after January 26, 1993 be "readily accessible to and usable by individuals with disabilities . . . in accordance with standards set forth or incorporated by reference in regulations" issued pursuant to the Act.  42 U.S.C. § 12183(a)(1). Restaurants are among the specific types of entities considered to be a "public accommodation" and therefore subject to the requirements of the Act.  42 U.S.C. § 12181(7)(C).

The Department of Justice, through the Attorney General, was specifically designated by Congress as the agency authorized to issue regulations to carry out the requirements of the ADA with respect to new construction of public accommodations.  See 42 U.S.C. § 12186(b). The Department of Justice's revised regulations for Titles II and III of the Americans with Disabilities Act of 1990 (ADA) were published in the Federal Register on September 15, 2010. These regulations adopted revised, enforceable accessibility standards called the **2010 ADA Standards for Accessible Design**, "2010 Standards." On March 15, 2012, compliance with the 2010 Standards was required for new construction and alterations under Titles II and III. March 15, 2012, is also the compliance date for using the 2010 Standards for program accessibility and barrier removal.

### The 2010 Regulations

On Friday, July 23, 2010, Attorney General Eric Holder signed final regulations revising the Department's ADA regulations, including its ADA Standards for Accessible Design. The official text was published in the Federal Register on September 15, 2010 (corrections to this text were published in the Federal Register on March 11, 2011).

The revised regulations amend the Department's 1991 title II regulation (State and local governments), 28 CFR Part 35, and the 1991 title III regulation (public accommodations), 28 CFR Part 36. Appendix A to each regulation includes a section-by-section analysis of the rule and responses to public comments on the proposed rule.

These final rules went into effect on March 15, 2011, and were published in the 2011 edition of the Code of Federal Regulations (CFR).

The plaintiffs have cited numerous violations of sections in the ADAAG (Americans With Disabilities Act Accessibility Guidelines). However, the ADAAG standards have been superseded by the 2010 ADA Standards for Accessible Design, "2010 Standards." As such, REY'S does not have to comply with the ADAAG standards. REY'S has complied with the 2010 ADA Standards for Accessible Design, "2010 Standards."

The general rule of Title III states that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182.

The statute defines "public accommodation" as follows:

The following entities are considered public accommodations for purposes of this subchapter if the entities affect commerce--. . .

B) a restaurant, bar, or other establishment serving food or drink;

REY'S has completely complied with the 2010 ADA Standards for Accessible Design, "2010 Standards," but is being sued under guidelines that have been superseded.

## **STANDARD OF REVIEW FOR A MOTION TO DISMISS**

When lack of subject matter jurisdiction is asserted under Fed.R.Civ.P. 12(b)(1), a court must "accept as true all material factual allegations in the complaint." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). When the question to be considered is one involving the jurisdiction of federal courts, "jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Norton v. Larney*, 266 U.S. 511, 515 (1925), *accord*, *Walls v. Waste Resource Corp.*, 761 F.2d 311, 317 (6th Cir. 1985). In this case, all we have or legal conclusions with nothing directed at REY'S in a specific manner.

A complaint must contain "either direct or inferential allegations respecting all the material elements[,]" and those allegations must amount to more than "bare assertions of legal conclusions." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). The Supreme Court has clarified the dismissal standard as requiring sufficient factual matter, accepted as true, to state a viable claim that is plausible on its face. *Ashcroft v. Iqbal*, _ U.S. , 129 S. Ct. 1937, 1948-50 (2009) (*citing Bell Atlantic Corp v. Twombly,* 550 U.S. 544 (2007); *see also, Howard v. City of Girard*, 2009 U.S. App. LEXIS 20895, p. 4-6 (6th Cir., Sept. 21, 2009).

"To establish a violation under the ADA, plaintiffs must demonstrate that (1) they are "qualified individual[s] with a disability"; (2) that the defendants are subject to the ADA; and (3) that plaintiffs were denied the opportunity to participate in or benefit from defendants' services,

7

programs, or activities, or were otherwise discriminated against by defendants, by reason of plaintiffs' disabilities." *See, e.g., Doe v. Pfrommer,* 148 F.3d 73, 82 (2d Cir. 1998); *Civic Ass'n. of the Deaf v. Giuliani,* 915 F. Supp. 622, at 634 (S.D.N.Y. 1996) (citing 42 U.S.C.S. §12131). Here, REY'S has complied with all of the laws regarding the ADA so that the plaintiff could use the restaurant in the same manner as an ordinary person without a disability could use.

Respectfully submitted,

JULIO GUTIERREZ, P.A.
2464 S.W. 137 Avenue
Miami, Florida 33175
Tel: (305) 325-8600
Fax: (305) 553-9313


JULIO GUTIERREZ
Attorney for Rey's Pizza
Florida Bar no.602426
jgpa@msn.com