**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

DOUGLAS LONGHINI, individually,

     Plaintiff,                          CASE NO.: <u>1:15-cv-22848-RNS</u>

v.

TCP INVESTMENT GROUP, LLC, d/b/a
TOWN & COUNTRY PLAZA, a Florida
limited liability company; and LA PERLA
DEL RINCON DEL MAR INC., d/b/a LA
PERLA SEAFOOD BAR & GRILL, a Florida
corporation,

     Defendants.

_____/

**<u>PLAINTIFF'S REPLY TO DEFENDANT LA PERLA
DEL RINCON DEL MAR INC.'S AFFIRMATIVE DEFENSES</u>**

Plaintiff, DOUGLAS LONGHINI, hereby files this Reply to the Answer and Affirmative Defenses filed by Defendant, LA PERLA DEL RINCON DEL MAR INC., d/b/a LA PERLA SEAFOOD BAR & GRILL, a Florida corporation (*see* DE 17), and states as follows:

1.     In avoidance of Defendant's First Affirmative Defense, Plaintiff states the following: Defendant's assertion that the improvements demanded by Plaintiff are not readily achievable lacks specificity, and Plaintiff demands strict proof thereof. Moreover, all barriers identified within Plaintiff's Complaint are violations under the ADA, and their removal is readily achievable.

2.     In avoidance of Defendant's Second Affirmative Defense, Plaintiff states the following: Defendant's assertion that the requested modifications would fundamentally alter the nature of the public accommodation lacks specificity, and Plaintiff demands strict proof thereof.

3.      In avoidance of Defendant's Third Affirmative Defense, Plaintiff states the following: Defendant's assertion that Plaintiff fails to state a cause of action is, at most, a mere denial, and does not state a valid defense to a violation of the ADA. Moreover, Defendant's assertion lacks specificity, and Plaintiff demands strict proof thereof. Plaintiff has specifically alleged that he is suffering irreparable harm due to the identified barriers to access at Defendant's property, and Plaintiff will continue to suffer irreparable harm unless and until Defendant removes the barriers that exist at the property. The ADA expressly provides for the cause of action pled in Plaintiff's Complaint in 42 U.S.C. § 12188, and the Complaint sets forth the requisite elements of such a claim.

4.      In avoidance of Defendant's Fourth Affirmative Defense, Plaintiff states the following: Defendant's assertion that the relief requested by Plaintiff is not justified by the economic expense required to make the requisite changes lacks specificity, and Plaintiff demands strict proof thereof.

5.      In avoidance of Defendant's Fifth Affirmative Defense, Plaintiff states the following: Defendant's assertion that Plaintiff's requested architectural and structural changes are not fiscally manageable under the ADA lacks specificity, and Plaintiff demands strict proof thereof. All barriers identified within Plaintiff's Complaint are violations under the ADA, and their removal is readily achievable.

6.      In avoidance of Defendant's Sixth Affirmative Defense, Plaintiff states the following: Defendant's assertion that Plaintiff lacks standing is a mere denial, and fails to state a valid defense under the ADA. Moreover, Defendant's assertion lacks specificity, and Plaintiff demands strict proof thereof. Lastly, as alleged in the Complaint, Plaintiff sought access to Defendant's property in a bona fide to avail himself of the goods and services offered to the public

therein, and subsequently encountered architectural barriers which prevented his equal enjoyment of the property and endangered his safety. Plaintiff's Complaint further alleged that Plaintiff lives in the Miami area, and plans to return to Defendant's property in the near future. In pleading the aforementioned facts, Plaintiff has standing to seek injunctive relief. *See Norkunas v. Seahorse NB, LLC*, 720 F.Supp.2d 1313, 1318 (M.D. Fla. 2010); *Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F.Supp.2d 1291, 1296 (S.D. Fla. 2012).

7.      In avoidance of Defendant's Seventh Affirmative Defense, Plaintiff states the following: Defendant's assertion that Plaintiff fails to state a cause of action is, at most, a mere denial, and does not state a valid defense to a violation of the ADA. Moreover, Defendant's assertion lacks specificity, and Plaintiff demands strict proof thereof. Plaintiff has specifically alleged that he is suffering irreparable harm due to the identified barriers to access at Defendant's property, and Plaintiff will continue to suffer irreparable harm unless and until Defendant removes the barriers that exist at the property. The ADA expressly provides for the cause of action pled in Plaintiff's Complaint in 42 U.S.C. § 12188, and the Complaint sets forth the requisite elements of such a claim.

8.      In avoidance of Defendant's Eighth Affirmative Defense, Plaintiff states the following: Defendant's assertion that it has met and exceeded its obligations under the ADA lacks specificity, and Plaintiff demands strict proof thereof. Moreover, it cannot be said that Defendant met and exceeded its obligations under the ADA when all barriers identified within Plaintiff's Complaint are violations under the ADA, and their removal is readily achievable.

9.      In avoidance of Defendant's Ninth Affirmative Defense, Plaintiff states the following: Defendant's assertion that the identified barriers have already been corrected lacks specificity, and Plaintiff demands strict proof thereof. Moreover, any alleged voluntary cessation

on the part of Defendant does not automatically render Plaintiff's claim moot; the court must engage in a factor-based test to determine, among other things, Defendant's motivation for its voluntary cessation. *Sheely v. MRI Radiology Network, P.A.*, 505 F. 3d 1173, 1184 (11th Cir. 2007).

10.     In avoidance of Defendant's Tenth Affirmative Defense, Plaintiff states the following: Defendant's assertion that Plaintiff fails to state a claim is, at most, a mere denial, and does not state a valid defense to a violation of the ADA. Moreover, Defendant's assertion lacks specificity, and Plaintiff demands strict proof thereof. Plaintiff has specifically alleged that he is suffering irreparable harm due to the identified barriers to access at Defendant's property, and Plaintiff will continue to suffer irreparable harm unless and until Defendant removes the barriers that exist at the property. The ADA expressly provides for the cause of action pled in Plaintiff's Complaint in 42 U.S.C. § 12188, and the Complaint sets forth the requisite elements of such a claim.

11.     In avoidance of Defendant's Eleventh Affirmative Defense, Plaintiff states the following: Defendant's assertion that plaintiff lacks standing is a mere denial, and fails to state a valid defense under the ADA. Moreover, Defendant's assertion lacks specificity, and Plaintiff demands strict proof thereof. Lastly, as alleged in the Complaint, Plaintiff sought access to Defendant's property in a bona fide to avail himself of the goods and services offered to the public therein, and subsequently encountered architectural barriers which prevented his equal enjoyment of the property and endangered his safety. Plaintiff's Complaint further alleged that Plaintiff lives in the Miami area, and plans to return to Defendant's property in the near future. In pleading the aforementioned facts, Plaintiff has standing to seek injunctive relief. *See Norkunas v. Seahorse*

*NB, LLC*, 720 F.Supp.2d 1313, 1318 (M.D. Fla. 2010); *Lugo v. 141 NW 20th Street Holdings, LLC*, 878 F.Supp.2d 1291, 1296 (S.D. Fla. 2012).

**DATED** this <u>29th</u> day of <u>August</u>, 2015

Respectfully submitted,

ESPINOSA LAW GROUP
10625 N. Kendall Dr.
Miami, FL 33176-1510
Tel.: 352-219-1974
E-mail: tallison@espinosalawgroup.com
E-mail: despinosa@espinosalawgroup.com

By: */s/ Thomas Charles Allison*
     Thomas Charles Allison, Esq.
     Florida Bar No. 35242
     Daniel A. Espinosa, Esq.
     Florida Bar No. 81686

*Counsel For The Disabled*

*Longhini v. TCP Investment Group, LLC, etc., et al.*
Case No.: 1:15-cv-22848-RNS

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served upon counsel of record (*see* Service List, below) by electronically filing same with the Clerk of Court using the Electronic Case Filing System, on this <u>29th</u> day of <u>August</u>, 2015.

By: *<u>/s/ Thomas Charles Allison</u>*
Thomas Charles Allison, Esq.
Florida Bar No. 35242

<u>Service List</u>

Carl Bober, Esq.
Evan Zuckerman, Esq.
VERNIS & BOWLING OF BROWARD, P.A.
5821 Hollywood Blvd., First Floor
Hollywood, FL 33021
E-mail: CBober@Florida-Law.com
E-mail: EZuckerman@Florida-Law.com

*Counsel for TCP Investment Group, LLC*
*and La Perla del Rincon del Mar Inc.*

Julio Gutierrez, Esq.
JULIO GUTIERREZ, P.A.
2464 S.W. 137th Ave.
Miami, FL 33175
E-mail: jgpa@msn.com

*Counsel for Rey Pizza Corp.*